## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN ANTHONY THORNTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.                                  ) | Cause No. 1:23-CV-293-HAB |
| ) | |
| META, INC., et al.,                 ) | |
| ) | |
| Defendants.                         ) | |

## OPINION AND ORDER

Plaintiffs have sued Facebook's parent company and a John Doe alleging copyright infringement. Defendant Meta, Inc.[1] ("Meta") now moves to dismiss on several theories. Because Plaintiffs have failed to allege registration of the allegedly infringed works, this case must be dismissed.

### I.      Well-Pleaded Facts

Plaintiffs, a father and minor son, allege that they "created personal and private content that they own and have not licensed or provided rights to any other party or in any way transferred rights to said content." (ECF No. 1 at 1). They allege that they asked Meta to take down infringing content but that Meta was "unresponsive" to their requests. As a result, Plaintiffs allege that Meta is "willfully operating outside of 17 U.S. Code § 501." (*Id*. at 3).

### II.     Legal Discussion

### A.      *Motion to Dismiss Standard*

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

---

[1] Defendant clarifies that its proper name is Meta Platforms, Inc.

In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Because Plaintiff proceeds pro se, the Court must follow the well-settled law of this Circuit that pro se complaints are not held to the stringent standards expected of pleadings drafted by lawyers. In contrast, pro se complaints are to be liberally construed. *See Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987).

**B.** **_Plaintiff has Failed to Allege Registration of the Works_**

Meta first argues that, because Plaintiffs have failed to plead that they hold copyright registrations over the allegedly infringed works, their claim is barred. The Court agrees.

To state a claim for direct copyright infringement, Plaintiff must plead facts to plausibly suggest "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012). "A valid copyright registration provides a copyright holder with important and sometimes necessary legal advantages. It is, for example, a prerequisite for bringing a 'civil action for infringement' of the copyrighted work. 17 U.S.C. § 411(a)." *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 181 (2022). Although an owner's rights exist apart from registration, a copyright "[r]egistration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce

ownership rights." *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019).

Plaintiffs have not alleged registration or attached copies of any registrations to their complaint. As pleaded, then, the complaint does not state a claim for copyright infringement. And because registration is a threshold issue, the Court sees no reason to wade further into the merits of Plaintiffs' claim.

The only remaining question is whether Plaintiff will be given the opportunity to replead. The Court generally grants pro se claimants at least one chance to file an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). Meta argues that Plaintiffs should not be given the right to replead, citing to several cases cited by the South Bend Division in *Ambrosetti v. Oregon Catholic Press*, 458 F. Supp. 3d 1013, 1019 n. 2 (N.D. Ind. 2020). But the Court understands those authorities as holding only that a plaintiff cannot register a work after filing suit and then cure his § 411(a) defect by alleging post-suit registration. If Plaintiffs have valid, pre-suit registrations but simply have not alleged them, the Court sees no procedural bar to fixing that error.

## III.   Conclusion

For these reasons, Plaintiffs' complaint is DISMISSED. Plaintiffs are ORDERED to file an amended complaint, if any, alleging all requirements for a copyright infringement action on or before November 29, 2023.

SO ORDERED on November 1, 2023.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

3